JAMES, J.
*773 In this appeal, defendant challenges his convictions of rape in the first degree, ORS 163.375 ; sodomy in the first degree, ORS 163.405 ; and strangulation, ORS 163.187 ; raising two assignments of error. We reject defendant's second assignment of error without discussion, and write only to address the first. There, defendant challenges the trial court's refusal to strike a potential juror for cause, arguing that the juror evidenced clear bias. We conclude that defendant failed to create a record establishing prejudice and, accordingly, affirm.
In light of our disposition in this case, we need not relate the facts underlying the offense, or the statements given by the prospective juror in voir dire , in detail. For purposes of our decision, it suffices to say *472 that the prospective juror related that her friend had been the victim of a sexual assault that shared qualities with the allegations in this case. After the juror disclosed this, defense counsel moved that she be struck for cause from the panel. The trial court did not find a basis to excuse the potential juror for cause, so defense counsel used a peremptory challenge on the potential juror. Ultimately, defendant used all six of his peremptory challenges.
Defendant now appeals, assigning error to the trial court's refusal to strike the potential juror for cause. We review a trial court's decision to strike a potential juror for cause for abuse of discretion, giving due deference to the trial court's judgment in light of its advantage of observing a prospective juror's demeanor, apparent intelligence, and candor. State v. Montez , 309 Or. 564, 574-75, 789 P.2d 1352 (1990) ; State v. Mannix , 263 Or. App. 162, 172, 326 P.3d 1236 (2014).
Through a series of cases stretching back nearly a century, Oregon courts have established that a party seeking to challenge a trial court's denial of a for-cause challenge to a potential juror must create a record establishing prejudice in two distinct respects. First, a party must exhaust all peremptory challenges. "A party whose peremptory challenges have not been exhausted is not in a position *774 to complain of the overruling of his challenge for cause to a juror who afterwards serves on the panel." Lambert v. Srs. of St. Joseph , 277 Or. 223, 229, 560 P.2d 262 (1977) ; Mount v. Welsh et al. , 118 Or. 568, 579, 247 P. 815 (1926) ; State v. Humphrey , 63 Or. 540, 128 P. 824 (1912).
Second, even after a party exhausts all peremptory challenges, the litigant must create a record that he or she "was compelled to accept an objectionable juror." State v. Megorden , 49 Or. 259, 263-64, 88 P. 306 (1907). As Megorden noted, "[t]he simple question, after the peremptory challenges are exhausted, is: Is the jury which finally tries the case impartial? If so, we cannot imagine that the accused has any just ground of complaint with regard to it." Id. at 264, 88 P. 306 (internal quotation marks omitted); see also State v. Farrar , 309 Or. 132, 158, 786 P.2d 161, cert. den. , 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 171 (1990) ("Defendant acknowledges that he removed the juror thereafter from the jury panel through his use of a peremptory challenge. Consequently, the juror did not actually sit on the jury that was empaneled for trial. * * * Defendant did not and does not argue that any member of the jury panel that actually decided his guilt should have been excused for cause."); State v. Rathie et al. , 101 Or. 339, 349, 199 P. 169 (1921), overruled in part on other grounds by State v. Brewton , 238 Or. 590, 395 P.2d 874 (1964) ("It is the rule in this state that error of the court in refusing to allow a challenge to a juror for cause is waived if the party objecting, after exhausting his peremptory challenges, accepts without objection other jurors to complete the panel.").
In this case, although defendant exhausted all peremptory challenges, nothing in the record-either by statement of defense counsel or otherwise-evidences that the seated jury was objectionable to defendant. As such, we cannot conclude from this record that the trial court's decision not to strike the potential juror for cause ultimately resulted in prejudice to defendant. Accordingly, we affirm.
Affirmed.